IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARRY ANTHONY VANN,

                 ORDER

     Plaintiff,

                 09-cv-007-bbc

  v.

MIKE VANDENBROOK,
STEVE HELGERSON and
TRAVIS BITTELMAN,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Barry Anthony Vann, an inmate at the Columbia Correctional Institution in Portage, Wisconsin, contends that defendants Mike Vandenbrook, Steve Helgerson and Travis Bittelman violated his rights under the Eighth Amendment. In particular, plaintiff was granted leave to proceed on his claims that (1) defendant Vandenbrook, a psychological associate, refused to respond to plaintiff's repeated threats of suicide; (2) defendant Bittelman, a correctional officer, gave plaintiff a razor blade and nail clippers after plaintiff told him he was feeling suicidal; and (3) defendant Helgerson, a nurse, refused to treat plaintiff's self-inflicted wounds.

1

Now before the court is defendants' motion for summary judgment. After reviewing the record and the facts proposed by the parties, I conclude that plaintiff's claims are not amenable to resolution on summary judgment because the parties dispute most of the material facts. Fed. R. Civ. P. 56; Cox v. Acme Health Services, Inc., 55 F.3d 1304, 1308 (7th Cir. 1995) (summary judgment proper only if "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law.")

Also before the court is plaintiff's motion for leave for file a surreply brief, dkt. #59. This motion will be denied. A sur-reply is unnecessary because defendants did not raise new issues in their reply brief that had not been raised in their initial brief. In addition, plaintiff does not need the material in his proposed surreply to defeat defendants' motion for summary judgment.

OPINION

In ruling on a motion for summary judgment, "the admissible evidence presented by the nonmoving party must be believed and all reasonable inferences must be drawn in the non-movant's favor." Hunter v. Amin, 583 F.3d 486, 489 (7th Cir. 2009). Thus, because there are simply too many factual disputes to create a narrative of undisputed facts, I turn to plaintiff's version of the relevant incidents.

In an affidavit, dkt. #51, plaintiff avers that he told defendant Vandenbrook

2

"repeatedly" that he was suicidal. In particular, on August 24, 2007, plaintiff told Vandenbrook that he had thoughts of self-harm. Vandenbrook did not place plaintiff on observation status, restrict his access to sharp objects, provide plaintiff any counseling or see plaintiff for a followup visit. Plaintiff avers that on August 30, 2007, defendant Bittelman was passing out razors and nail clippers. Plaintiff told Bittelman that he was feeling suicidal, and Bittelman responded by saying, "You're not the only one," and handed plaintiff a razor. Plaintiff used the razor to cut his arms 133 times. Later that morning, plaintiff covered his cell window. Staff looked through the cell trap and saw plaintiff hanging from a ripped sheet that was tied to a vent. An emergency extraction team entered plaintiff's cell and removed him.

Plaintiff avers that he was escorted to the dayroom, where defendants Vandenbrook and Helgerson saw him for evaluation and treatment. Plaintiff could not speak and pointed to the cuts on his arms. Helgerson checked only plaintiff's neck for injuries and refused to evaluate, clean or treat the 133 bleeding cuts on plaintiff's arms and fingers. Vandenbrook placed plaintiff on observation. Plaintiff's cuts were painful and continued to bleed while he was in observation.

If true, plaintiff's averments imply that defendants Vandenbrook and Bittelman violated the Eight Amendment by failing to respond adequately to plaintiff's threats of suicide. A failure to respond to threats of suicide may violate the Eighth Amendment.

3

Collins v. Seeman, 462 F.3d 757, 760-61 (7th Cir. 2006); Woodward v. Correctional Medical Services of Illinois, Inc., 368 F.3d 917, 926 (7th Cir. 2004); Cavalieri v. Shepard, 321 F.3d 616, 620 (7th Cir. 2003); Sanville v. McCaughtry, 266 F.3d 724, 733 (7th Cir. 2001); Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996); Olsen v. Bloomberg, 339 F.3d 730, 738 (8th Cir. 2003).  A plaintiff may establish an Eighth Amendment violation for failure to respond to suicide threats by showing that the defendant "(1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk."  Collins, 462 F.3d at 761.  Plaintiff avers that he told defendant Vandenbrook repeatedly about his suicidal thoughts and Vandenbrook did nothing.  Similarly, when plaintiff told defendant Bittelman that he was feeling suicidal, Bittelman responded by giving plaintiff a razor and nail clippers.  A reasonable jury could infer that both Vandenbrook and Bittelman were aware that plaintiff was at substantial risk of committing suicide and simply failed to act in ways that could help prevent serious harm. Farmer v. Brennan, 511 U.S. 825, 845 (1994) ("it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."); Cavalieri, 321 F.3d at 621-22 (prison officials have duty to protect inmates from causing self-harm).

Also, plaintiff's averments would allow a reasonable jury to infer that defendant Helgerson violated the Eighth Amendment by failing to provide adequate medical treatment to plaintiff.  A doctor or prison official violates a prisoner's right to medical care if the

4

official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997). Deliberate indifference means that the defendant knew of the inmate's serious medical need and failed to take reasonable measures to address it. Farmer, 511 U.S. at 847.

A reasonable jury could find that the 133 bleeding cuts on plaintiff's arms qualified as a serious medical need that required some treatment, whether it was bandages or antibiotic ointments, and that defendant Helgerson failed to provide that treatment. Steele v. Choi, 82 F.3d 175, 179 (7th Cir. 1996) ("If the symptoms plainly called for a particular medical treatment—the leg is broken, so it must be set; the person is not breathing, so CPR must be administered—a doctor's deliberate decision not to furnish the treatment might be actionable under § 1983."); see also Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006) (condition for which the necessity of treatment would be obvious to a lay person is serious medical need); Gutierrez, 111 F.3d at 1369 (medical need may be serious if withholding medical care results in needless pain and suffering); Boretti v. Wiscomb, 930 F.2d 1150, 1154 (6th Cir. 1991) (wound that needed dressing and pain medication was serious medical condition).

Of course, defendants deny many of plaintiff's allegations and offer their own, substantially different, version of events.  In particular, defendant Vandenbrook alleges that plaintiff was seen by psychological staff on August 27, 2007 and reported no problems.  Thus, Vandenbrook argues, he had no reason to believe plaintiff would harm himself on August 30.  Defendant Bittelman denies that he gave a razor to plaintiff on August 30 and denies that plaintiff told him that he was suicidal.  Defendant Helgerson denies that plaintiff had 133 cuts on his arms.  Helgerson alleges that plaintiff had no significant cuts, no large amounts of blood, no active bleeding and no open wounds that required stitches.  Helgerson argues that if there had been significant cuts on plaintiff's arms, he would have treated them.  These disputes about the facts mean simply that the case comes down to a " swearing contest that can be resolved only by assessing the credibility of the [parties].  Credibility determinations, however, lie exclusively within the fact-finder's domain and are not appropriate for a district court to make at the summary judgment stage."  Townsend v. Fuchs, 522 F.3d 765, 774-775 (7th Cir. 2008).  Even when the plaintiff's version of events sounds implausible, courts must resist the temptation to weigh the evidence.  Washington v. Haupert,  481 F.3d 543, 549 (7th Cir. 2007); see also Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) ("On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.")  Accordingly, defendants' motion for summary judgment must be denied.

6

ORDER

IT IS ORDERED that

1. The motion for summary judgment, dkt. #27, filed by defendants Mike Vandenbrook, Steve Helgerson and Travis Bittelman is DENIED.

2. Plaintiff Barry Anthony Vann's motion for leave to file a sur-reply, dkt. #59, is DENIED.

Entered this 12th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge