IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARRY ANTHONY VANN,

                Plaintiff,

                                                          ORDER

        v.

                                        09-cv-7-bbc

MIKE B. VANDENBROOK,
STEVE HELGERSON and
TRAVIS BITTELMAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Barry Anthony Vann is proceeding in this action on his claims that defendants Vandenbrook, Helgerson and Bittelman violated his rights under the Eighth Amendment. On January 12, 2010, I denied defendants' motion for summary judgment. Trial in this case is scheduled for April 12, 2010. On March 15, 2010, the court received from plaintiff the list of the incarcerated and unincarcerated witnesses that he wishes to call at trial.

First, I consider plaintiff's list of possible incarcerated witnesses: Lorenzo Balli, Roland Cumberlander, Victor Eric Holm, Jonathan Rausch, Joseph Hazen and Ronald Helmut Wagner. These witnesses are incarcerated at the Columbia Correctional Institution.

1

Plaintiff asserts in his affidavit that he does not know whether inmates Balli or Cumberlander will testify voluntarily, but that the other inmates will do so. Plaintiff avers that the witnesses will provide testimony regarding their personal knowledge of the following:

- Joseph Hazen- personally observed Bittelman pass out razors and watched the removal of plaintiff from his cell.

- Ronald Helmut Wagner-personally observed Bittelman hand plaintiff his razor and saw that plaintiff was bleeding from both arms when he was removed from his cell.

- Jonathan Rausch-personally observed Bittelman pass out razors and watched the removal of plaintiff from his cell.

- Lorenzo Balli-personally observed plaintiff being given a razor by Bittelman.

- Victor Eric Holm-personally observed the passing out and picking up of razors on the unit.

- Roland Cumberlander-personally observed plaintiff's bleeding.

It appears that inmates Hazen, Wagner and Rausch have relevant non-cumulative testimony to offer at trial. However, the testimony of inmates Balli, Holm and Cumberlander is cumulative and will not be necessary at trial. Fed. R. Evid. 403 (court may exclude evidence, even when relevant, if it is cumulative). I will grant plaintiff's requests for

writs of habeas corpus ad testificandum for inmates Hazen, Wagner and Rausch.

Next, I turn to plaintiff's request to issue subpoenas for 19 unincarcerated witnesses: Mike Vandenbrook, Lori Album, Gregory Grams, Dalia Suliene, Lindy Muchow, Nancy Hahnisch, Captain Ashworth, Sergeant DeLong, Tracy Johnson, Kim Cambell, Dylon Radtke, Correctional Officer Sainsbury, Correctional Officer James, Correctional Officer Kottka, Correctional Officer Krocker, Correctional Officer Walker, Steve Helgerson, Travis Bittelman and Paul Ketarkus. In this court's February 10, 2010 trial preparation order, plaintiff was provided the procedure for calling unincarcerated witnesses. Dkt. #65, 20-21. Plaintiff asserts that these witnesses will not testify voluntarily. The procedure provides that plaintiff must include in his affidavit information that he has made arrangements for a person at least 18 years of age who is not a party to the action to serve the subpoenas on the witnesses or that he needs assistance from the United States Marshal to serve the subpoenas and is prepared to give the marshal or other individual serving the subpoena a check or money order made payable to the witness in an amount necessary to cover the daily witness fee and the witnesses' mileage. I cannot waive the fee for a subpoena. McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987). Because plaintiff has not provided the necessary information, his request for the issuance of subpoenas for his non-incarcerated witnesses will be denied.

I note that three of the non-incarcerated witnesses that plaintiff wished to call are

defendants in this case. Defendants' witness list indicates that they may testify in their own defense and it would be unusual if they did not attend the trial. However, because defendants are not required to attend without a subpoena, counsel for defendants is requested to inform plaintiff and the court by March 30, 2010, whether defendants are attending the trial and whether defendant would object to plaintiff's calling them as witnesses in his case.

ORDER

IT IS ORDERED that

1. Plaintiff's requests for writs of habeas corpus ad testificandum for inmates Joseph Hazen (#259246), Ronald Helmut Wagner (#228680) and Jonathan Rausch (#310783), dkt. # 74, is GRANTED. The Clerk of Court is directed to issue a writ of habeas corpus ad testificandum for the attendance of Hazen, Wagner and Rausch at trial beginning on April 12, 2010. They should arrive at the courthouse no later than 8:00 a.m.

2. Plaintiff's request for writs of habeas corpus ad testificandum for inmates Lorenzo Balli, Victor Eric Holm and Roland Cumberlander, dkt. #73, is DENIED.

3. Plaintiff's motion for issuance of subpoenas for non-incarcerated witnesses, dkt. #75, is DENIED.

4. No later than March 30, 2010, counsel for defendants Vandenbrook, Helgerson

4

and Bittelman are to advise the court and plaintiff whether they will be attending the trial

and whether defendants would object to plaintiff's calling them at trial without a subpoena.

Entered this 24th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge